IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| RICKY CORTEZ McKINNEY, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | Case No. 3:07-cv-178-DGW |
|  | ) |  |
| DONALD HULICK, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## MEMORANDUM AND ORDER

This matter comes before Court on Respondent's Motion to Dismiss (Doc. 17) the petition for writ of habeas corpus brought by Petitioner pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the motion is **GRANTED**, and the case **DISMISSED**.

### BACKGROUND

After a jury trial, Petitioner was convicted of first-degree murder on July 2, 1998, in St. Clair County, Illinois, and was sentenced to a 26-year term of incarceration (Doc. 1, p. 5). Petitioner appealed; the Appellate Court of Illinois, Fifth District affirmed Petitioner's sentence and conviction on July 10, 2002 (Doc. 1, p. 5; Doc. 18, Exh. A). Petitioner filed a Petition for Leave to Appeal in the Illinois Supreme Court. The Illinois Supreme Court denied the Petition for Leave to Appeal on December 5, 2002 (Doc. 1, p. 5; Doc. 18, Exh. B). Petitioner sent a letter to the Clerk of the United States Supreme Court in July 2003 (Doc. 18, Exh. C). The Clerk responded by letter dated August 11, 2003, stating:

> Your letter dated July 24, 2003, was received in this office on August 6, 2003, and is returned for the following reason: You may seek review of a decision only by filing a timely petition for writ of certiorari. The papers you submitted are not construed to be a petition for writ of certiorari. Should you choose to file a petition for writ of certiorari, you must submit the petition within the 90 day time limit allowed under Rule 13 of the Rules of this Court. A Copy of the Rules of this Court and a sample petition for a writ of certiorari are enclosed.

(Doc. 18, Exh. C). The record does not indicate that Petitioner made any additional attempt to file a petition for writ of certiorari (Doc. 18, Exh. C), and Petitioner himself states that he did not further attempt to seek relief from the United States Supreme Court because, "My time was running out to get my Post-Conviction in." (Doc. 1, p. 7).

Petitioner sought state post-conviction relief in the Circuit Court of St. Clair County on October 14, 2003 (Doc. 1, p. 7; Doc. 18, Exh. D). On September 30, 2004, Petitioner, with assistance of counsel, filed an amended petition for post-conviction relief (Doc. 1, p. 8; Doc. 18, Exh. E). On October 29, 2004, the Illinois State's Attorney filed a motion to dismiss the amended petition for post-conviction relief, arguing that the petition was not timely filed (Doc. 18, Exh. F). On March 31, 2005, the trial court granted the State's motion to dismiss the petition as untimely and denied as moot the request for leave to amend the petition (Doc. 1, pp. 8-9; Doc. 18, Exh. G). Petitioner's appointed counsel filed a motion to withdraw in the Appellate Court of Illinois, Fifth District, arguing there was no merit to the appeal. In a written opinion, the Appellate Court granted counsel's request to withdraw and affirmed the judgment of the circuit court on September 26, 2006 (Doc. 1, 9; Doc. 18, Exh. H). The Appellate Court, after a lengthy analysis, held that the petition for post-conviction relief was untimely and that none of the Petitioner's arguments in support saved the petition. The Court held specifically that Petitioner's delay in filing was the result of his own culpable negligence, and therefore the delay was not excusable under state law (Doc. 18, Exh. H). Petitioner filed a Petition for Leave to Appeal, which the Supreme Court of Illinois denied on January 24, 2007 (Doc. 1, p. 9; Doc. 18, Exh. I).

Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 on March 6, 2007 (Doc. 1).[1]  Petitioner raises seven grounds for relief: 1) that the Centreville, Illinois, Police Department drugged him between by July 3 and July 6, 1998, by tampering with his food and cigarettes; 2) that his trial counsel was ineffective for not presenting any evidence that his confession was coerced and that he was involuntarily drugged by the Centreville, Illinois, Police Department; 3) that his trial counsel was ineffective for failing to introduce into evidence the victim's criminal records after Petitioner argued that he acted in self-defense, 4) that his trial counsel was ineffective for failing to object to the perjured testimony of the State's witnesses; 5) that trial counsel was ineffective for not seeking polygraph examinations of Petitioner and Police Chief McCall; 6) that trial counsel was ineffective for failing to subpoena police records regarding a federal investigation of abuse of suspects; 7) that trial counsel was ineffective by failing to effectively question a defense witness; 8) that trial counsel was ineffective for failing to argue to the jury that two Miranda waivers were inconsistent; and 9) that trial counsel was ineffective for failing to call additional defense witnesses (Doc. 1, pp. 9-10; 13-20).

On May 4, 2007, Respondent filed the instant Motion to Dismiss, arguing that the petition is untimely because it was not filed with in the one-year period of limitations prescribed by 28 U.S.C. § 2244(d).  Specifically, Respondent argues that the petition is untimely because it was filed four years after his conviction became final, and that none of the various tolling provisions save the petition from being time-barred (Doc. 17).

---

[1] This Court received the petition on March 12, 2007.  Under the mailbox rule, a *pro se* prisoner's petition for a writ of habeas corpus is considered filed on the date he gave it to prison officials for mailing, not on the date it was received in the district court.  See Jones v. Bertrand, 171 F.3d 499, 502 (7th Cir. 1999).  The petition is hand-dated March 6, 2007.  Accordingly, the Court will consider the petition filed on that date.

In response Petitioner alleges that any error in his post-conviction applications for review were based on outdated information received from the Menard Correctional Center law library or from ineffective assistance of his state-appointed post-conviction counsel (Doc. 23 at 3-4). Petitioner argues that his petition should, therefore, not be found to be untimely filed.

**ANALYSIS**

It is unnecessary for the Court to hold an evidentiary hearing on this matter, as it can be considered on the briefs and evidence supplied by the parties. Petitioner, an inmate in state custody, seeks habeas corpus relief pursuant to 28 U.S.C. §2254, which is codification of the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA). This code section explains the prerequisites to habeas relief, which include, *inter alia*, the exhaustion of state court remedies and a showing that the state courts erred in either the law applied to the petitioner's claims or the facts relied upon in making a legal decision. Under 28 U.S.C. §2244(d), a habeas petition must be filed within strict time limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the

4

> Supreme Court and made retroactively applicable to
> cases on collateral review; or
>
> (D) the date on which the factual predicate of the
> claim or claims presented could have been
> discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted toward
> any period of limitation under this subsection.

28 U.S.C. § 2244(d). The burden is on the respondent to show that the petition is untimely. Gildon v. Bowen, 384 F.3d 883, 886 (7th Cir. 2004). Respondent argues that the petition is untimely as it was filed more than a year after the conclusion of direct review.

Section 2244(d)(1)(A) provides that the one-year limitation period begins to run at the conclusion of Petitioner's direct appeal. The conclusion of a direct appeal occurs, and the statute of limitations begins to run, "(i) when all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) when, if certiorari was not sought, all direct criminal appeals in the state system are concluded, followed by the expiration of the time allotted for filing a petition for writ." Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002). The Illinois Supreme Court denied Petitioner's PLA on direct appeal on December 5, 2002. United States Supreme Court Rule 13 grants a Petitioner 90 days in which to file a petition for writ of certiorari to review a judgment entered by a state court. Petitioner would have had to file a petition for writ of certiorari by March 5, 2003. The record indicates that the Clerk of the United States Supreme Court received a letter dated July 24, 2003, from Petitioner. The Clerk returned that letter on August 11, 2003, stating explicitly that Petitioner's letter was not construed as a petition for writ

5

of certiorari (Doc. 18, Exh. C). Petitioner alleges in response to the Motion to Dismiss that he filed his writ of certiorari with the Belleville Circuit Court Clerk, C. Barney Metz. Petitions for writ of certiorari are to be filed with the Clerk of the Supreme Court of the United States, not with a circuit court of the state of Illinois. See Rule 1.1 of the Rules of the Supreme Court of the United States ("The Clerk receives documents for filing with the Court"). For counting purposes, therefore, Petitioner was entitled only to the 90-day period during which he could have filed a petition for writ of certiorari in the United States Supreme Court. Petitioner's July 2003 letter was specifically *not* construed as an attempt to file a petition for writ of certiorari. Even if it was so construed, it was too late; his 90 days expired on March 5, 2003. Because he did not file a petition for writ of certiorari within the 90-day period, his direct appeal concluded, and his petition became final, on that date. Pursuant to section 2244(d)(1)(A), Petitioner had one year-- until March 5, 2004--to file his petition for federal habeas corpus relief.

Petitioner filed his *pro se* petition for writ of habeas corpus in this Court on March 6, 2007. On that date, the statute of limitations had run for 1096 days--over three years. Thus, his application is time-barred.

The Court will now consider whether any of the potentially applicable tolling provisions save the petition from being untimely.

***Application for State Post-Conviction Relief***

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

The Seventh Circuit has held that the determination whether a collateral attack is

"properly filed" pursuant to section 2244(d)(2), can be made by looking to the state court's treatment of the petition. "If they considered the claim on the merits it was properly filed; if they dismissed it for procedural flaws such as untimeliness, then it was not properly filed." Freeman v. Page, 208 F.3d 572, 576 (7th Cir. 2000). When a state court rejects a petition as untimely, it is not considered to be properly filed, and the statute of limitations, pursuant to section 2244(d)(2), is not tolled for that period. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005); Freeman, 208 F.3d at 574. In Pace, the Supreme Court held that even if the petition is originally accepted and the merits of its timeliness litigated in state court, when a post-conviction petition is deemed to be untimely under state law, it does not toll the statute of limitations, and "that is the end of the matter for purposes of § 2244(d)(2)." Pace, 544 U.S. at 414.

Here, the Illinois circuit court denied the petition for post-conviction relief as untimely. This determination was affirmed by the Illinois Appellate Court in a written opinion. Both the Supreme Court and the Seventh Circuit have made clear that an untimely post-conviction petition cannot toll the statute of limitations under 28 U.S.C. §2244(d)(2). As far as this Court is concerned, "that is the end of the matter." Section 2244(d)(2) does not save the instant petition.

*State-Created Impediment*

Petitioner argues that he was misled by staff of the Menard law library as to the time in which he had to file his state and federal petitions and that his "ineffective state appointed lawyer" did not tell him about the time limitations of the AEDPA. He argues, therefore, that a "state-created impediment" under 28 U.S.C. § 2244(d)(1)(B) prevented him from filing his post-conviction and therefore his federal petition on time.

Petitioner's attempts to invoke section 2244(d)(1)(B) are misplaced. Under that

7

provision, the one-year period of limitations does not begin to run until a state-created impediment to filing an application by state action in violation of the Constitution or laws of the United States is removed. The Seventh Circuit has held that "the plain language of the statute makes clear that an impediment must *prevent* a prisoner from filing his petition." Lloyd v. Van Natta, 296 F.3d 630, 633 (7th Cir. 2002) (emphasis in original). Additionally, subsection (B) is limited to those situations in which the impediment violates federal law. Williams v. Sims, 390 F.3d 958, 960 (7th Cir. 2004). There is no indication in the record that Petitioner was prevented from filing a petition, nor is there any indication that Petitioner was otherwise denied his constitutional right of access to courts. On the contrary, Petitioner successfully appealed his conviction and sentence to the Supreme Court of the State of Illinois, and was able to prepare a petition for post-conviction relief. Although that petition was untimely, he was not prevented from preparing it. Thus, the Court rejects any argument based upon 28 U.S.C. § 2244(d)(1)(B).

*Equitable Tolling*

Petitioner's arguments regarding incorrect information given to him by Menard law library staff and his state-appointed attorney are most accurately categorized as a request to apply the doctrine of equitable tolling. Under Seventh Circuit jurisprudence, "equitable tolling excuses an untimely filing when, despite exercising reasonable diligence, a petitioner could not have learned the information he needed in order to file on time." Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006). See also Lawrence v. Florida, 127 S.Ct. 1079, 1085-86 (2007). Equitable tolling is limited to "extraordinary circumstances," Arrieta v. Battaglia, 461 F.3d 861, 867 (7th Cir. 2006), and is "rarely granted." Jones, 449 F.3d at 789. In Jones, the Court held that a petitioner's placement in segregation, during which time he had no access to the law library;

8

limited library access at other times; and delays in receiving mail were insufficient to justify equitable tolling. Id.  See also Allen v. Lewis, 255 F.3d 798, 801 (9th Cir. 2001) (loss of habeas materials for 27 days due to prison transfer did not justify equitable tolling of the one-year period of limitations). The Seventh Circuit has also refused to apply equitable tolling in cases involving a prisoner's inability to gain access to trial transcripts, Lloyd, 296 F.3d at 633; attorney neglect or malpractice, Modrowski v. Mote, 322 F.3d 965, 967-68 (7th Cir. 2003); or lack of legal knowledge or inability to understand court documents, Montenegro v. United States, 248 F.3d 585, 594 (7th Cir. 2001) (overruled on other grounds by Ashley v. United States, 266 F.3d 671 (7th Cir. 2001)).  In fact, the Seventh Circuit has "yet to identify a circumstance that justifies equitable tolling in the collateral relief context." Modrowski, 322 F.3d at 967.

Further, the Supreme Court has held that attorney errors in calculating deadlines, even by state-appointed and supervised counsel, does not constitute an extraordinary circumstance justifying equitable tolling. Lawrence, 127 S.Ct. at 1085 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.").

Based on these legal standards, Plaintiff has not alleged any "extraordinary circumstances" that prevented him from filing his federal habeas petition on time.  Petitioner's allegation that he was provided with incorrect legal information by the Menard Correctional Center law library does not rise to the level of an circumstance that justifies tolling the statute of limitations period.  Petitioner does not specify which information supplied to him was incorrect, nor does he attempt to explain how any incorrect information prejudiced his claim.  The Seventh Circuit and the Supreme Court have flatly rejected arguments regarding Petitioner's lack of legal

9

knowledge, or incorrect calculation by his state-appointed counsel. Petitioner has simply failed to make any showing that he filed his habeas petition late as a result of any "extraordinary circumstances." The Court notes, finally, that the Illinois Appellate Court's express finding that none of these same arguments excused the delay under state law supports a rejection of equitable tolling here.

## CONCLUSION

Therefore, for the reasons set forth above, Respondent's Motion to Dismiss the petition (Doc. 17) is **GRANTED** and the case is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED: March 31, 2008**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**